## Russell v. Pivirotto

*Joseph N. Wymard,* for plaintiffs.

*M. David Turets* and *Howard R. Singer,* for defendants.

DOYLE, *J.,* March 6, 1975.

### FINDINGS OF FACT

On February 24, 1972, Gimbel Brothers, Incorporated ("Gimbels") filed an assumpsit action at no. 1268—1972 on the Arbitration Docket against Frank F. Russell and Virginia Russell, his wife ("Russells"), to recover the sum of $848.49 for goods sold and delivered to the Russells by Gimbels.

Frustrated in multi-attempts to accomplish personal service on the Russells, Gimbels finally made service on them through the Secretary of the Commonwealth under the provisions of Pa. R.C.P. 2076, et seq. (defendants who conceal their whereabouts). On December 8, 1972, default judgment was entered in favor of Gimbels and against the Russells for the principal sum, plus interest, viz.: $890.91.

From the testimony elicited at trial, it is quite clear that counsel for Gimbels made at least three attempts (February 29, March 2 and 8, 1972) to obtain personal service on the Russells. Finally, the sheriff returned the writ n.e.i. on May 2, 1972. Testimony of counsel for Gimbels clearly indicates that he made many attempts by telephone and mail to notify the Russells that a judgment had been entered against them and that the judgment constituted an equitable lien on their improved real estate (land). These communications warned the Russells that unless the judgment was voluntarily satisfied, execution would issue and their land would be sold to satisfy the judgment.

We reject entirely the totally incredible testimony of the Russells, particularly Mr. Russell, to the effect that he never opened any mail, that he never looked in his own mailbox to see if any mail had been delivered to him or his wife. The Russells refused to travel to the post office to obtain registered mail after a notice that registered mail was undeliverable to them had been placed in their mailbox by the postman. Although the letter from the Secretary of the Commonwealth is marked "unclaimed" by the Post Office Department, the service is valid. The Russells admitted that they received mail from other persons, but deny receipt of any mail from counsel for Gimbels or from the Secretary of the

Commonwealth. We flatly reject their denials. The series of letters directed to the Russells by counsel for Gimbels were directed to their proper residence address. The originals of the same letters were never returned to counsel for Gimbels.

It is glaringly evident from the testimony that the Russells were properly served with process and received due notice of the time and place of the hearing on Gimbels claim and that they had ample opportunity to defend against that claim. They refused to appear. The judgment entered against them is valid and subsisting. That judgment will not be disturbed.

On February 5, 1973, at the instance of Gimbels, a writ of execution was issued against Russells at execution no. 729 of 1973. The writ instructed the sheriff to levy, advertise and sell the Russells' land as described in a deed of conveyance to them dated December 16, 1963, recorded in Allegheny County, Pa., Deed Book, Vol. 4104, Page 437 (the "deed"). The land was properly posted and advertised on February 10, 17, and 24, 1973, and was scheduled to be sold on March 5, 1973.

At the instance of execution-plaintiff, Gimbels, Wekselman, J., by order dated February 22, 1973, postponed the sale until the June sales of 1973. At the further instance of Gimbels, Hester, J., by order dated 1 June 1973, postponed the sale to October, 1973; again at the instance of Gimbels, E. Ross, J., by order dated September 25, 1973, postponed the sale until February 1974. Thereafter, at the fourth request of Gimbels, Finkelhor, J., by order dated February 4, 1974, postponed the sale until March 1974. Finally, at the instance of Gimbels, Louik, J., by order dated March 4, 1974, postponed the March sale from Monday, March 4, 1974, until Friday, March 8, 1974. The Russells received no notice of

all these postponements. The land was sold on March 8, 1974 to James Pivirotto, one of the defendants in the present equity action (Pivirotto) for $274.45 (the taxes and costs to date). Actually, prior to sale, Pivirotto had been negotiating with counsel for Gimbels and paid approximately $2,200 to said counsel for satisfaction of the Gimbels debt. the costs advanced and a fee. The sale price was grossly inadequate. Upon receipt of notice from execution-plaintiff (Gimbels) the deed of conveyance from the sheriff named Pivirotto as grantee. That deed to Pivirotto was recorded on April 11, 1974, in Deed Book, Vol. 4778, Page 163.

The Russells took no action under Pa. R.C.P. 3132 to set aside the sale, but they did file their complaint in equity at the captioned number on April 30, 1974, alleging that counsel for plaintiff in execution (Gimbels) had communicated with defendants in execution (Russells) prior to the sale and had obtained from the Russells the sum of $200 in partial payment of the amount due under the judgment. The Russells allege that they entered into an agreement with counsel for Gimbels whereby they were to pay $50 per month to curtail the debt. At trial, this agreement was admitted by counsel for Gimbels, who also testified that the monthly payments were never made by the Russells and that the Sheriff's sale postponements were procured on the representation of the Russells that additional sums of $50 per month would be made to totally curtail the debt due. At trial, much testimony was received on the issue whether vel non the agreement was merely to postpone the sale or was to stay the execution. It is quite clear to us, and we find, that the agreement was merely to postpone the sale, which promise was performed by plaintiff in execution.

The complaint alleges that the Russells had no notification of the date of the original sale. On this issue, we are compelled by the testimony to find against the Russells. Gimbels complied with every facet of the rules of procedure governing execution and sales, with the exception hereafter noted.

Plaintiffs (Russells) pray the court to: (1) Vacate the sheriff's deed delivered to Pivirotto; (2) declare the deed void; (3) enjoin defendants from selling or encumbering the land; (4) enjoin defendants from interfering with the Russells use and enjoyment of the land.

A preliminary injunction in the matter was entered on May 2, 1974, by O'Malley, J.; a hearing being scheduled for May 7, 1974. That hearing was continued by consent of all counsel to June 6, 1974. After a demurrer was filed to the complaint, plaintiffs amended and alleged that after the argument on the preliminary injunction and on April 30, 1974 at 12:18 p.m., without any notification to the Russells, Pivirotto, joined by his wife, conveyed the land to R. Paul Suto (Suto), another defendant, for the sum of $24,900, including the assumption of a mortgage in the approximate amount of $14,500. The amended complaint demands the same relief against Suto.

Thereafter, all defendants filed a demurrer and other preliminary objections which, by order dated June 17, 1974, were dismissed by a court en banc composed of Sylvestri and Zavarella, JJ. Said order, with the consent of Sylvestri, J., was vacated by order, dated July 10, 1974, signed by McLean, J. In the interim, and on June 12, 1974, Wekselman, J., signed an order continuing the preliminary injunction and the $2,000 bond. Further argument was held on the revived preliminary objections before R. H. Smith, Jr., and Popovich, JJ., and on

September 11, 1974, defendants' preliminary objections were finally dismissed.

The matter was assigned to this member of the court on September 20, 1974, and a pretrial conciliation was held on October 29, 1974. Trial was held on January 2, 1975, and on Monday January 6, 1975. Although there are many issues raised in this matter, the controversy will be decided on the issue of the propriety of the sheriff's sale.

Pa. R.C.P. 3129 provides:

"(a) Notice of the sale of real property *must* be given by the Sheriff by posting hand bills in the Sheriff's Office and on the property to be sold at least ten days prior to sale.

"(b) Notice *must* also be given by publication by the Sheriff once a week for three successive weeks in the Pittsburgh Legal Journal and in a newspaper of general circulation."

Both of these provisions and section (c) of the rule were complied with by the sheriff. The problem in the case revolves around Rule 3129(d) which provides:

"If the sale is stayed or continued or adjourned generally, new *notice* shall be given as provided by subdivisions (a), (b), and (c). If the sale is continued or adjourned at the direction of the plaintiff to a date certain *within 45 days, and* public announcement of the adjournment and new date made to the bidders assembled at the time and place originally fixed for the sale, no new *notice* shall be required, *but* there may be *only one* such continuance or adjournment to a date certain without new notice." (Emphasis supplied.)

The first postponement or continuance of the sale was from the original sale date of March 5, 1973, to the first Monday of June 1973, which is more than 45 days. No new notice of any kind was given by the

sheriff or plaintiff in execution. Nor was any new notice given by the sheriff or plaintiff in execution with regard to the postponements subsequent to the first postponement signed by Hester, J., E. Ross, J., Finkelhor, J., and Louik, J. The cases cited by defendants are inapposite; not only are they ancient, they all predate Pa. R.C.P. 3129, which has the force of law.

Under these circumstances, it is unnecessary to consider and determine the various issues raised as to adequacy of price, etc.

Notice of sale is vital. One purpose of notice of sale is to allow the execution defendant to raise sufficient funds to discharge the payment due under the judgment and to have the judgment satisfied. Another reason for notice is to provide an opportunity to assemble a large number of possible bidders at the sale so that the highest possible price can be obtained. Thus, lienors can be paid and, hopefully, moneys will remain for payment to the execution defendant. Again, notice tends to avoid post-sale litigation regarding claims based on lack of due process, inadequacy of price, and possible deficiency judgment proceedings.*

Notice of sale is not a matter of mere form. It is a substantive right. Unless the conditions for sale as recited in the Rules of Procedure, particularly Rule 3129, are fulfilled, the sale is a nullity. In this matter, the requirements of Rule 3129 were not complied with; ergo, we must hold that the execution sale was a nullity and that the sheriff's deed of conveyance recorded on April 11, 1974 in Deed Book, Vol. 4778, Page 163, is void. Ex necessitate

---

* "The Judicial Code," proposed in Senate Bill 745, Printer's Number 2357 (1973 Session) §8103, would greatly simplify such proceedings.

the deed dated April 24, 1974, recorded in Deed Book, Vol. 5384, Page 450, from the Pivirottos to Suto (Mr. Pivirotto's associate, employe) is also void. Ergo, the title of the Russells as evidenced in deed dated December 16, 1963, recorded in Deed Book, Vol. 4104, Page 437, must be revested in the Russells to the extent provided for in the aforesaid deed to them. Defendants Pivirottos and Suto will be enjoined from selling or encumbering the aforesaid land or in any manner interfering with the enjoyment, use or occupancy of the land and the improvements thereon by the Russells.

Under the circumstances, it is not necessary to decide the issue whether vel non the Pivirottos have legal standing to defend the equity action, they being at the time of the trial of the case, not record title holders of the land.

## CONCLUSIONS OF LAW

1. The judgment entered in favor of Gimbel Brothers, Inc., against the Russells is valid and subsisting.

2. Gimbel Brothers, Inc., plaintiffs in execution at no. 729 of 1973, did not comply with the requirements of Pa. R.C.P. 3129 in that they failed to give to defendants in that execution notice of the sheriff sale of the real estate then recorded in the name of defendants in that execution.

3. The failure to comply with the notice requirements of Pa. R.C.P. 3129 renders the sheriff 's sale void.

4. Defendants, James Pivirotto and Mary Barbara Pivirotto and R. Paul Suto, should be enjoined from interfering with the use, occupancy and enjoyment of the aforesaid real estate by plaintiffs, Frank F. and Virginia Russell.

5. Frank F. and Virginia Russell should be reinvested with record title to the real estate involved, which they obtained by deed of conveyance dated December 16, 1963, as recorded in Allegheny County, Pa., Deed Book, Vol. 4104, Page 437.

An appropriate decree will be entered.

## DECREE NISI

And now, March 6, 1975, it is hereby ordered, adjudged and decreed that:

(1) The judgment entered in this court at no. 1268 of 1972 in favor of Gimbel Brothers, Incorporated, and against Frank F. Russell and Virginia Russell, his wife, is valid and subsisting.

(2) The sheriff's sale, held on March 8, 1974, of the real estate entitled in Frank F. Russell and Virginia Russell on execution issued at no. 729 of 1973, in this court is void.

(3) The deed of conveyance referring to Frank R. Russell) from the Sheriff of Allegheny County, Pa., to James Pivirotto dated April 5, 1974, and recorded on April 11, 1974, in Allegheny County, Pa., Deed Book, Vol. 4778, Page 163 is void.

(4) The deed of conveyance from James Pivirotto and Mary Barbara Pivirotto, his wife, to R. Paul Suto dated April 24, 1974, and recorded on April 30, 1974 in Allegheny County, Pa., Deed Book, Vol. 5384, Page 450, is void.

(5) The title of Frank F. Russell and Virginia Russell, his wife, as conveyed to them by Northern Estates, Inc., by its deed (to Frank R. Russell and Virginia Russell, his wife, in recital in the sheriff's deed) dated December 16, 1963 and recorded in Deed Book, Vol. 4104, Page 437, is revested in the aforesaid Russells to the extent that the same was so conveyed to them, subject to all encumbrances

with the exception of any which may have resulted from the execution at no. 729 of 1973 in this court.

(6) James Pivirotto and Mary Barbara Pivirotto and R. Paul Suto, defendants in this action, are hereby enjoined from encumbering, or attempting to encumber, and from interfering with the use, occupancy and enjoyment of the lands and improvements thereon hereby reinvested in the aforesaid Russells.